Filed 4/23/25  P. v. Ramos CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087195 |
| Plaintiff and Respondent, | (Super. Ct. No. BF172121A) |
| v. | |
| FRANKIE DUQUE RAMOS, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Levy, J. and Meehan, J.

**INTRODUCTION**

Defendant Frankie Duque Ramos entered an illegal gaming business with three other gang members and robbed the business at gunpoint. While fleeing, the four robbers shot at the security guard and wounded him in the leg. After defendant's trial, the Legislature substantially amended the statutes applicable to gang enhancements and sentencing. The parties agreed that the gang enhancements should be reversed, and we remanded to the trial court for further proceedings. (*People v. Ramos* (June 14, 2023, F082502) [nonpub. opn.].) On remand, the prosecution elected not to retry the gang enhancements, and the trial court resentenced defendant. Defendant argues that the trial court erred in sentencing him to a prison term of 25 years to life pursuant to Penal Code section 12022.53, subdivision (d)[1] because that section is not applicable to his crimes of attempted murder and second degree robbery. We affirm.

**PROCEDURAL BACKGROUND[2]**

On September 25, 2020, a jury convicted defendant of attempted murder (§§ 187, 664; count 1), second degree robbery (§ 212.5, subd. (c); count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), conspiracy to commit robbery and assault with a firearm (§§ 182, subd. (a)(1), 212.5, subd. (c), 245, subd. (a)(2); count 5), and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6).[3] The jury also found true enhancements that defendant committed the crimes to benefit a criminal street gang (former § 186.22, subd. (b)(1)) as to all counts; personally used a firearm (§ 12022.53, subd. (b)), personally discharged a firearm (§ 12022.53, subd. (c)) causing great bodily

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Defendant's appeal raises only a single issue relating to the application of section 12022.53, subdivision (d) to the crimes for which he was convicted. Therefore, we dispense with a recitation of the facts in this case.

[3]     The jury failed to reach a verdict as to count 4, which charged defendant with active participation in the Loma Bakers criminal street gang (former § 186.22, subd. (a)), and the trial court dismissed this charge upon the prosecution's motion when defendant was sentenced.

injury (§ 12022.53, subd. (d)), and was vicariously liable for another principal participant's use and discharge of a firearm during a gang-related crime (§ 12022.53, subds. (b), (c), (d), (e)) as to counts 1 and 2; and personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7) as to counts 3 and 5. After defendant waived his right to a jury trial, the trial court found true that defendant had a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)).[4]

At the time of defendant's trial, former section 186.22 provided for enhanced punishment when a defendant is convicted of an enumerated felony committed "for the benefit of, at the direction of, or in association with a criminal street gang." (Former § 186.22, subd. (b)(1), as amended by Stats. 2017, ch. 561, § 178, p. 4369.) Effective January 1, 2022, Assembly Bill No. 333 (2021–2022 Reg. Sess.) amended section 186.22 to require proof of additional elements to establish gang offenses and enhancements. (Stats. 2021, ch. 699, § 3.) On appeal, we reversed defendant's true findings on the gang enhancements (former § 186.22, subd. (b)(1)) as to counts 1, 2, 3, 5, and 6 and gang-related firearm enhancements (§ 12022.53, subd. (e)) as to counts 1 and 2.

On remand, the prosecutor declined to retry the gang-related enhancements, and the trial court resentenced defendant on November 15, 2023. The trial court denied defendant's motion to dismiss his prior strike conviction[5] and resentenced defendant to a total fixed term of 16 years, plus 50 years to life as follows: 14 years for attempted murder (§§ 187, 664, 667, subd. (e)), plus 25 years to life (§ 12022.53, subd. (d)), plus a stayed term of 20 years (§§ 654, 12022.53, subd. (c)); and a consecutive two-year term

---

[4]    When initially sentenced, the trial court struck the enhancement for a prior serious felony conviction (§ 667, subd. (a)).

[5]    See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

for second degree robbery (§§ 212.5, subd. (c), 667, subd. (e)), plus 25 years to life (§ 12022.53, subd. (d)), plus a stayed term of 20 years (§§ 654, 12022.53, subd. (c)).

As to counts 3, 5, and 6, the trial court stayed the sentences pursuant to section 654 and sentenced defendant as follows:  the upper term of eight years for assault with a firearm[6] (§§ 245, subd. (a)(2), 667, subd. (e)), plus 10 years (§ 12022.5, subd. (a)), plus three years (§ 12022.7); the upper term of six years for conspiracy to commit robbery (§ 182, subd. (a)(1)), plus 10 years (§ 12022.5, subd. (a)), plus three years (§ 12022.7); and the upper term of six years for possession of a firearm by a felon (§ 29800, subd. (a)(1)).

The court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), a $10 fine (§ 1202.5), $150 in criminal conviction assessments (Gov. Code, § 70373), and $200 in court operations assessments (§ 1465.8).

Defendant filed a timely appeal on November 15, 2023.

## DISCUSSION

Defendant argues that the enhancement for discharging a firearm (§ 12022.53, subdivision (d)) cannot be imposed for his convictions of attempted murder and second degree robbery and is only applicable to violations of section 246 (shooting at an inhabited dwelling) or section 26100, subdivisions (c) and (d) (discharging a firearm from a motor vehicle).  We disagree.

Defendant's argument ignores the plain language of section 12022.53, subdivision (d), which provides:  "Notwithstanding any other law, a person who, in the commission of a felony specified in [section 12022.53,] *subdivision (a)*, Section 246, *or* subdivision (c) or (d) of Section 26100, personally and intentionally discharges a firearm

---

[6]     The abstract of judgment erroneously provides that the court sentenced defendant to the low term as to count 3.  We shall order that it be corrected.

4.

and proximately causes great bodily injury, as defined in Section 12022.7, or death, to a person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life." (Italics added.) By its terms, this subdivision applies to any of the crimes listed in section 12022.53, subdivision (a) in addition to sections 246 and 26100, subdivision (c) or (d). (§ 12022.53, subd. (d).) Defendant's argument ignores the statute's plain language, which makes it applicable to "a felony specified in [section 12022.53,] subdivision (a)." Section 12022.53, subdivision (a) includes defendant's crimes of attempted murder and second degree robbery. (§ 12022.53, subd. (a)(1), (4).)

To accept defendant's argument that section 12022.53, subdivision (d) only applies to violations of section 246 or section 26100, subdivision (c) or (d), we would have to ignore its specific reference to subdivision (a) and find those words to be superfluous. "We … generally avoid a reading that renders any part of a statute superfluous." (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1030.) Defendant's argument suggests an alternate meaning for "subdivision (a)," but we note that it cannot be a reference to section 246 because section 246 does not have a subdivision (a) nor any subdivision at all. Defendant cites no legal authority to support his reading of section 12022.53, subdivision (d), but our Supreme Court has previously described section 12022.53, subdivision (d), contrary to defendant's argument, as applying to any of the felonies specified in section 12022.53, subdivision (a) *in addition* to sections 246 and 26100, subdivisions (c) and (d). (*People v. Tirado* (2022) 12 Cal.5th 688, 695, fn. 10.)

## DISPOSITION

The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect the upper term was imposed as to count 3 and transmit a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

5.